UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------X

REPUBLIC PROPERTY TRUST, **ET AL.**,
Plaintiff(s),

CASE NO. 1:07-cv-00595

-against-

**AFFIDAVIT OF SERVICE**

REPUBLIC PROPERTIES CORPORATION, **ET AL.**,
Defendant(s).

------------------------------------------------------X

STATE OF NEW YORK )
s.s :
COUNTY OF NEW YORK )

MICHAEL J. KEATING, being duly sworn, deposes and says that he is an agent of CAPITOL PROCESS SERVICES, INC., is over the age of eighteen years and is not a party to the action.

That on the 14th day of April, 2007, at approximately 5:32 p.m., deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL CASE; INITIAL ELECTRONIC CASE FILING ORDER; CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES; NOTICE OF RIGHT TO CONSENT TO TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE and COMPLAINT together with EXHIBITS** upon Richard Kramer at 515 Park Avenue, New York, New York 10022. I was informed by the Concierge that Richard Kramer was not home (I did not divulge the nature of my visit to the Concierge, nor was I asked).

That on the 14th day of April, 2007, at approximately 7:45 p.m., deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL CASE; INITIAL ELECTRONIC CASE FILING ORDER; CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES; NOTICE OF RIGHT TO CONSENT TO TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE and COMPLAINT together with EXHIBITS** upon Richard Kramer at 515 Park Avenue, New York, New York 10022. I was informed by the Concierge that Richard Kramer was not home.

That on the 16th day of April, 2007, at approximately 7:20 a.m., deponent served a true copy of the **SUMMONS IN A CIVIL CASE; INITIAL ELECTRONIC CASE FILING ORDER; CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES; NOTICE OF RIGHT TO CONSENT TO TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE and COMPLAINT together with EXHIBITS** upon Richard Kramer at 515 Park Avenue, New York, New York 10022. I was informed by the Concierge that Richard Kramer was not home, at this time. I could not post the aforementioned papers to the defendant's apartment door because I was not allowed access to the building. I then personally delivered and left the same with "Jane Doe", Concierge, who is a person of suitable age and discretion, at that address, the actual place of residence of the defendant.

"Jane Doe" is a white female, approximately 30-35 years of age, is approximately 5 feet and 4 inches tall, was seated at the time of service, weighs approximately 140 pounds, with long wavy black hair and brown eyes and was wearing glasses.

That on the 16th day of April, 2007, in accordance with the New York State Civil Practice Law and Rules, Section 308(4), and the Federal Rules of Civil Procedure, Rule 4(e)(1), copies of which are annexed, deponent served another copy of the foregoing upon the defendant by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL and CONFIDENTIAL" written on the same, and not indicating on the outside that it is from an attorney, or concerns a legal matter, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

**Richard Kramer**
**515 Park Avenue**
**New York, New York 10022**

MICHAEL J. KEATING #848345

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

Sworn to before me this
17th day of April, 2007

JOHN J. WALKER
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-WA-4851557**
**Qualified in Queens County**
**Certificate Filed in New York County**
**Commission expires February 17, 2010**

including the expiration of the limitations period, the meritorious nature of the cause of action, the length of the delay in service, the timeliness of the plaintiff's request for a time extension, and any prejudice to the defendant. Leader v. Maroney, Ponzini & Spencer, 97 N.Y.2d 95, 736 N.Y.S.2d 291, 761 N.E.2d 1018 (2001).

**No dismissal where defendant suffered no prejudice:** plaintiff's failure to timely file a summons and complaint and proof of service in accordance with CPLR 306-a and CPLR 306-b did not require dismissal where plaintiff had served the summons and complaint in this action under an index number purchased in a prior related proceeding, plaintiff eventually purchased a new index number, and defendant suffered no prejudice. Ruiz v. New York City Hous. Auth., 216 A.D.2d 258, 629 N.Y.S.2d 222 (1st Dept. 1995).

## § 307. Personal service upon the state.

1. Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state.

2. Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by subdivision one of this section is completed. For purposes of this subdivision, the term "principal office of the agency" shall mean the location at which the office of the chief executive officer of the agency is generally located. Service by certified mail shall not be effective unless the front of the envelope bears the legend "URGENT LEGAL MAIL" in capital letters. The chief executive officer of every such agency shall designate at least one person, in addition to himself or herself, to accept personal service on behalf of the agency. For purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section.

**Amended** by L. 1985, Ch. 290, eff. Nov. 1, 1985, which added subd. (2); L. 1992, Ch. 44, eff. Jan. 1, 1993, amended subdivision (2) to provide an alternative method of personally serving a specified officer of a state agency to effect service on the agency, namely, by delivering the summons by certified mail to this officer or the agency's CEO in an envelope bearing the legend "URGENT LEGAL MAIL" at a principal office of the agency, and by personally serving the state; L. 1993, Ch. 420, eff. October 19, 1993.

## § 308. Personal service upon a natural person.

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

**Amended** by L. 1970, Ch. 852, eff. Sept. 1, 1970; L. 1971, Ch. 176, eff. Sept. 1, 1971; L. 1974, Ch. 765, eff. July 7, 1974; L. 1977, Ch. 344, eff. Jan 1, 1978; L. 1986, Ch. 77, eff. Jan. 1, 1987, which repealed an undesignated paragraph following paragraph 5; L. 1987, Ch. 115, eff. July 15, 1987; L. 1988, Ch. 125, eff. Jan. 1, 1989,

which amended
1995, which adc

**DRL § 232,**
in the Miscellan

**Actual place of**
respondent, ar
specified two b
in room 847,
administration
was not the de
v. Doctor's H
1993).

**Affidavits of pr**
**had been pro**
dants' motion
for lack of juri
prima facie ev
that they neve
affidavits. Fair
652 N.Y.S.2d

**Affidavits of s**
the requisite f
summons was
affidavits of s
regularity that
mony. Lauren
Inc., 119 A.D

**Agent must b**
building wher
designated ag
submitted of a
the security g
A.D.2d 563,

**Broad discret**
308(4) contai
situations wh
scribed metho
must be broa
Dobkin v. C
N.E.2d 451 (

**Change of ad**
accident, the
Vehicles of
Traffic Law
of process th
Williams v.
1993). In a p
ped from ass
the summon
addresses; th
had provided
when they we
with changes
Melton v. B
N.Y.S.2d 20

**Constitutiona**
court directe
case by servi
letters and p
newspaper; a
the summon
held that be
reasonablene
to inform th
for the defen
orders satisf
Dobkin v. C
N.E.2d 451

**Construction**
provided tha
state may be
manner as w
308(4) was
noted that t
justified the
regardless o
N.Y.S.2d 16
**and Miller.**

**Indigent's p**

which amended subds. 2 and 4; L. 1994, ch. 131, eff. January 1, 1995, which added subdivision (6).

CROSS REFERENCES

**DRL § 232,** referred to in subds. (2), (3) and (4) *supra,* appears in the Miscellaneous Practice Statutes section of this volume, *infra.*

*ANNOTATIONS*

**Actual place of business:** although the invoices of the defendant-respondent, an attending physician at the defendant-hospital, specified two business addresses, including an office at the hospital in room 847, service made upon a hospital administrator at the administration office on the fourteenth floor was improper, as that was not the defendant-respondent's actual place of business. West v. Doctor's Hosp., 198 A.D.2d 92, 603 N.Y.S.2d 842 (1st Dept. 1993).

**Affidavits of process server constitute sufficient proof that there had been proper service:** the trial court properly denied defendants' motion to vacate a default judgment entered against them for lack of jurisdiction; affidavits of the process server constituted prima facie evidence of proper service, and defendants' assertion that they never received process was insufficient to dispute those affidavits. Fairmount Funding Ltd. v. Stefansky, 235 A.D.2d 213, 652 N.Y.S.2d 14 (1st Dept. 1997).

**Affidavits of service:** plaintiff's affidavit of service must contain the requisite factual and descriptive information to show that the summons was delivered to the defendant personally; however, affidavits of service are entitled only to a general presumption of regularity that can be overcome by the defendant's sworn testimony. Laurence v. Hillcrest General Hosp.—GHI Group Health, Inc., 119 A.D.2d 808, 501 N.Y.S.2d 436 (2d Dept. 1986).

**Agent must be authorized to accept service:** security guard in building where defendant doctor maintained an office was not a designated agent under CPLR 308(3); no evidence was ever submitted of any writing authorizing which would have authorized the security guard to accept service. Gottesman v. Lazansky, 127 A.D.2d 563, 511 N.Y.S.2d 643 (2d Dept. 1987).

**Broad discretion under CPLR 308(4):** court held that CPLR 308(4) contained no words limiting the court's discretion, and in situations where a plaintiff would be unable to follow the prescribed methods, the court's discretion pursuant to CPLR 308(4) must be broad, otherwise that section would be inefficacious. Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968), quoting **Weinstein, Korn and Miller.**

**Change of address:** in an action arising from a motor vehicle accident, the defendant's failure to notify the Department of Motor Vehicles of her change of address, as required by Vehicle and Traffic Law § 505(5), estopped her from contesting the service of process that was made at the address contained in her license. Williams v. Yassky, 199 A.D.2d 18, 604 N.Y.S.2d 568 (1st Dept. 1993). In a podiatric-malpractice case, the defendants were estopped from asserting that service of process was improper because the summonses and complaints were mailed to the "wrong" addresses; the papers were mailed to addresses that the defendants had provided to the Division of Professional Licensing Services when they were licensed, and they had never provided the Division with changes of address as required by Education Law § 6502(5). Melton v. Brotman Foot Care Group, 198 A.D.2d 481, 604 N.Y.S.2d 203 (2d Dept. 1993).

**Constitutionality of service directed by court; ordinary mail:** the court directed service in one case by ordinary mail; in a second case by service on the Secretary of State, mailing of two registered letters and publication once of the summons and complaint in a newspaper; and in a third case, by ordinary mail, and delivery of the summons and complaint to the insurer. The Court of Appeals held that because of the plaintiff's need, the public interest, the reasonableness of the plaintiff's efforts under all the circumstances to inform the defendant, and the availability of other safeguards for the defendant's interests, the methods provided for in the court orders satisfied constitutional requirements of the due process. Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968), quoting **Weinstein, Korn and Miller.**

**Construction of CPLR 308(4):** court held that since CPLR 313 provided that a person subject to jurisdiction of the courts of the state may be served with a summons without the state in the same manner as within the state, an order of service pursuant to CPLR 308(4) was effectual as service upon a non-domiciliary. The court noted that the occurrence of an automobile accident in the state justified the taking of jurisdiction by the courts of the state, regardless of domicile. Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968), quoting **Weinstein, Korn and Miller.**

**Indigent's publication costs; local government should bear costs in matrimonial action:** the Court of Appeals affirmed an Appelate Division ruling that the cost of publication in an indigent plaintiff's divorce action must be born by local government in the absence of legislation. However, considering the cost of publication in a matrimonial action and the burden it may impose on local government, the Court of Appeals further ruled that its affirmance was without prejudice to an application for a determination as to whether judicially-devised service (CPLR 308(5)) is available in a matrimonial action as an alternative to service by publication. Deason v. Deason, 32 N.Y.2d 93, 343 N.Y.S.2d 321, 296 N.E.2d 229 (1973), citing **Weinstein, Korn and Miller.**

**Late filing of proof of service held correctable irregularity:** in personal injury action, court held that delay in filing proof of substituted service was a procedural irregularity, and did not constitute invalid service of process. Court also held that even though defendants were cohabitating as husband and wife, two copies of summons had to be affixed to defendants' door and mailed to the defendants. McCormack v. Gomez, 137 A.D.2d 504, 524 N.Y.S.2d 247 (2d Dept. 1988).

**Medical malpractice action; service of process upon hospital invalid:** in a medical malpractice action, service of process on a physician at a hospital where he actually performed surgery was not valid where, although he was there on a regular basis to render professional services, there was nothing else to identify his business with the hospital, establishing it to be "*his* place of business," as he performed surgery at various hospitals. Glasser v. Keller, 149 Misc. 2d 875, 567 N.Y.S.2d 981 (Sup. Ct. Queens Co. 1991).

**Medical malpractice action; service on receptionist improper:** in a medical malpractice action, the court erred in denying the defendant's motion to dismiss for lack of personal jurisdiction, because delivery of the summons and complaint to the defendant's receptionist, outside of the defendant's presence, did not conform with the requirements of personal service where he had not directed his receptionist to accept process on his behalf. Morgan v. Central Gen. Hosp., 179 A.D.2d 740, 579 N.Y.S.2d 125 (2d Dept. 1992).

**Misrepresentation of address; defendant estopped from contesting service:** defendant's affirmative act of misrepresentation in presenting drivers license with incorrect address estopped him from contesting validity of service of process at the address noted on license and from contesting the plaintiff's due diligence in ascertaining defendant's correct actual dwelling place or usual place of abode. Treutlein v. Gutierrez, 129 A.D.2d 791, 514 N.Y.S.2d 781 (2d Dept. 1987).

**"Nail and mail" service held effective; due diligence:** plaintiff's process server's affidavit indicated that service was attempted on three different weekdays, at three different times of the day at a place which undisputably was both defendant's residence and place of business, as indicated on the business card given by defendants to plaintiff; such attempts were held to be "due diligence" which authorized plaintiff to utilize affix and mail procedure of CPLR 208(4). Mike Lembo & Sons, Inc. v. Robinson, 99 A.D.2d 872, 472 N.Y.S.2d 750 (3d Dept. 1984).

**"Nail and mail" service held ineffective; due diligence not established:** resort to "nail and mail" service was improper when due diligence had not been exercised by attempting to serve the defendant at his residence or place of business; the three attempts made to deliver the summons and complaint to the defendant at an apartment building he owned did not constitute due diligence, because it was neither his residence nor his place of business. Schwartzman v. Musso, 201 A.D.2d 551, 607 N.Y.S.2d 953 (2d Dept. 1994). Where six attempts were made to serve defendant personally, but five were during weekday business hours and there was no effort to ascertain defendant's place of employment, due diligence was not established. Moss v. Corwin, 154 A.D.2d 443, 546 N.Y.S.2d 15 (2d Dept. 1989).

**"Nail and mail" service; ineffective to leave summons with defendant's husband:** the court held that service was not effected under either CPLR 308(2) or (4) where the summons had first been left with defendant's husband at house believed to be her residence and then mailed to her at that address and subsequently an attempt was made to serve defendant pursuant to the "nail and mail" provisions, where defendant submitted proof that she had been separated from her husband for over two years and had resided at another address for almost a year prior to the attempted service; since neither the delivery nor the affixing occurred at defendant's dwelling place or usual place of abode, there was no effective service; moreover, in the absence of allegations that defendant engaged in conduct calculated to prevent plaintiffs from learning her new address, she was not estopped from raising the defect in service as a jurisdictional defense. Esposito v. Billings, 103 A.D.2d 956, 479 N.Y.S.2d 572 (3d Dept. 1984).

**"Nail and mail" service invalid; improper affixation; lack of due diligence:** the wedging of a summons between a screen door and

door jamb is not an affixation within the meaning of the statute; the affixing of a summons to the door is to be accomplished by use of a nail, tack, tape, rubber band, or some other device which will ensure a genuine adherence; noting that the requirement of "due diligence" is to be strictly enforced the court also held that the process server had not acted with due diligence where he admitted that although he rang the doorbell and knocked on the outer screen door, he had not attempted to open the screen door, which was always unlocked, either to use the large brass knocker on the interior wooden door or to tack the summons on that door, did not knock at the house's rear entrance, and did not telephone defendant or make inquiries of the neighbors regarding defendant's whereabouts or his place of employment; such endeavor was "woefully perfunctory" and constituted lack of due diligence as a matter of law. Pacamor Bearings, Inc. v. Foley, 92 A.D.2d 959, 460 N.Y.S.2d 662 (3d Dept. 1983).

**Notice pursuant to service under CPLR 308(4):** court held that although service made pursuant to CPLR 308(4) might occasionally result in failure to bring actual notice to a defendant, CPLR 317 contemplates such possibility by granting to a defendant the opportunity to defend the action within one year of obtaining knowledge of the judgment. Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968), quoting **Weinstein, Korn and Miller.**

**Personal service; redelivery:**

**Delivery not valid:** the Court of Appeals held that the delivery of a summons to the wrong person does not constitute personal delivery under CPLR 308(1), even if shortly thereafter it comes into the possession of the party to be served. Here, a summons was delivered to the defendant's son outside the family house, and the son entered the house and handed the summons to his father; held that this "redelivery" was not valid service under CPLR 308(1). Macchia v. Russo, 67 N.Y.2d 592, 505 N.Y.S.2d 591, 496 N.E.2d 680 (1986).

**—Intended recipient must be at home:** service of complaint on defendant's roommate while defendant was not home did not constitute valid personal service within the meaning of CPLR 308(1), as the redelivery exception to personal service only applies when the intended recipient of the service of process is at home; court further held that process server cannot be said to have acted reasonably and with due diligence under the circumstances by posing as a delivery man who delivered a sealed package. Phi Sigma Phi Sorority, Inc. v. Simons, 137 A.D.2d 873, 524 N.Y.S.2d 553 (3d Dept. 1988).

**Service by mail to actual address, even though not correct mailing address, valid:** the phrase "last known residence" in CPLR 308(2) is synonymous with the term "last known address," and the failure to use the correct post office address in mailing process to defendant results in the court's not obtaining personal jurisdiction of the party upon whom service has been attempted; in the present case, service upon a person of suitable age and discretion was made at defendant's dwelling located at 1950 Central Avenue in the Town of Colonie, New York; a copy of the summons was subsequently mailed to defendant at that address; the defendant's post office address was, in fact, 1950 Central Avenue, Albany, New York and there is no such mailing address as Colonie, New York; Special Term held that by mailing the summons to a nonexistent post office address, the plaintiff failed to comply with CPLR 308(2); the Appellate Division reversed, holding that plaintiff had complied with CPLR 308(2) by mailing the summons to defendant at his actual residence, even though the proper mailing address for that residence employed the name of the nearby city through which the postal service, for reasons of its own, had chosen to route mail to the town in which defendant's residence was located. Donohue v. LaPierre, 99 A.D.2d 570, 471 N.Y.S.2d 396 (3d Dept. 1984).

**Service by publication; concealment of party's whereabouts invalidates service:** The Appellate Division reversed a trial court's order of publication of notice in a divorce action because of the petitioner's concealment of the existence of circumstances that would have permitted the court to direct use of alternate means of expedient service; husband's affidavit in support of order of publication stated that he did not know the whereabouts of his wife, when in fact he concealed the existence of one individual and other circumstances which would have permited the court to direct the use of expedient service. Iroff v. Iroff, 125 A.D.2d 197, 509 N.Y.S.2d 316 (1st Dept. 1986).

**Service upon attorney:** plaintiffs' unsuccessful attempts to serve defendant combined with efforts of defendant's insurance carrier to locate her, which had proved futile, were held to constitute sufficient evidence that service under CPLR 308(1), (2) or (4) was impracticable and to permit service of process upon the defendant pursuant to CPLR 308(5); the court held that in the present action, to recover damages for injuries arising out of an automobile accident, service upon the attorney retained to represent the defendant by her insurance carrier was reasonably calculated to give defendant notice of the proceeding, even though neither the attorney nor the insurer had knowledge of defendant's whereabouts. Gibson v. Salvatore, 102 A.D.2d 861, 476 N.Y.S.2d 930 (2d Dept. 1984).

**Service upon attorney by *ex parte* order:** the trial court properly denied the defendant's motion to vacate a service of summons effected by *ex parte* order upon his attorneys where the plaintiff's efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means had proved ineffectual and where such evidence demonstrated that service under other methods would have been "impracticable"; a showing of impracticability under CPLR 308(5) does not require proof of actual prior attempts to serve a party under the methods of service outlined in CPLR 308(1), (2), or (4). Franklin v. Winard, 189 A.D.2d 717, 592 N.Y.S.2d 726 (1st Dept. 1993).

**Service upon security guard:** the process server fulfilled CPLR 308(2)'s "delivery" requirement by attempting to deliver the summons to a security guard at the defendant's residential community; had the guard accepted the summons, service at the security gate would have sufficed, since "the outer bounds of defendant's actual dwelling place could be deemed to extend to the guard's booth"; the guard's refusal to accept the summons entitled the process server to leave the summons in the "general vicinity." Duffy v. St. Vincent's Hosp., 198 A.D.2d 31, 603 N.Y.S.2d 47 (1st Dept. 1993).

**Substituted service:**

**—Co-defendants: two copies of summons necessary:** the Court of Appeals has held that when two defendants are named and one person of suitable age and discretion is served on behalf of both, two copies of the summons must be served on that one person. Otherwise the servee, believing that only one defendant is being served through him, may deliver the summons to the one and fail to advise the other. Raschel v. Rish, 69 N.Y.2d 694, 512 N.Y.S.2d 22, 504 N.E.2d 389 (1986).

**—Doorman of apartment building:** the Court of Appeals has held that, in at least some circumstances, an apartment house doorman may be a "person of suitable age and discretion at the actual . . . dwelling place" of a tenant in an apartment house, to whom a summons may properly be delivered for the purpose of alternative service under CPLR 308(2). However, not every doorman is necessarily a suitable person to whom delivery may be made. The doorman must be a responsible communicator. A regular apartment house doorman fulfills this role: he screens callers, announces visitors and accepts messages and packages for delivery to the tenants. It was also held that delivery of the summons in the lobby constituted delivery "at the actual dwelling place" of the defendant. If the process server is not permitted to proceed to the actual dwelling place by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested. The Court stated that service would probably be valid if, as a matter of practice, the doorman was under instructions not to admit callers without the consent of the tenants. In this case, there was a specific finding that the defendant instructed the doorman not to admit the process server. F.I. Du Pont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 396 N.Y.S.2d 343, 364 N.E.2d 1115 (1977), citing **Weinstein, Korn and Miller.**

**—"Due diligence" established:** three attempts to serve the defendant at his home, at different hours of the day, sufficiently established "due diligence," permitting the use of substituted service, since no rigid rule exists defining when "due diligence" has been exercised and when the use of substituted service is permitted. Hochhauser v. Bungeroth, 179 A.D.2d 431, 578 N.Y.S.2d 170 (1st Dept. 1992)*Accord* Johnson v. Waters, 291 A.D.2d 481, 738 N.Y.S.2d 369 (2d Dept. 2002).

**—Mere "mailing" is not an "authorized manner":** in an action seeking partition of real property, plaintiffs failed to properly prove substituted service, such as would entitle them to relief upon defendant's default, where they did not show that process was mailed by first-class mail, in an envelope marked personal and confidential, and that the envelope did not reveal its contents involved a lawsuit. James v. Brandt, 144 Misc. 2d 190, 543 N.Y.S.2d 876 (Sup. Ct. Bronx Co. 1989).

**—"Personal and confidential" legend missing:** in a medical malpractice action, jurisdiction was not acquired over defendants where the envelope was not marked "personal and confidential." Broomes-Simon v. Klebanow, 160 A.D.2d 973, 554 N.Y.S.2d 695 (2d Dept. 1990).

**Taping of summons to defendant's door:** taping the summons to defendant's door was valid personal service where defendant was obviously resisting delivery of the summons by hand. Patane v. Romeo, 235 A.D.2d 640, 652 N.Y.S.2d [illegible]

**—Tenant in**
the building
there was c
when there
deliveries b
a courtesy.
N.Y.S.2d 8(

**—Upon a pa**
properly eff
to the gene
and the sum
at the resid
Appellate D
jurisdiction
notwithstanc
another poss
was deemed
Gen. Bus. L
partnership,
an amended
v. Steinbrer
1985).

**—Where per**
age and disc
process serv
this is provi
be delivered
Spector v. B
1986).

**Two step ser**
steps require
toll the appli
not effected
tions period
dant's place
set of paper
after the yea
608 N.Y.S.2

**Vehicle and T**
conditions p
in 308 and t
in any other
obtain in rer
or 254 of th
N.Y.2d 490
**Weinstein,**

**§ 309. Pe**
**tent or co**

(a) Upc
infant sha
summons
guardian o
the infant
whom the
state, upon
or by who
age of four
be persona

(b) Upc
competent.
declared to
for whom
made by pe
state upon
but the co
incompeten

(c) Upc
person for
shall be m
within the
conservatee

d, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

**(b) Issuance.** Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

**(c) Service with Complaint; by Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

**(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which the request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

**(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------X

REPUBLIC PROPERTY TRUST, **ET AL.**,
Plaintiff(s),

CASE NO. 1:07-cv-00595

-against-

REPUBLIC PROPERTIES CORPORATION, **ET AL.**,
Defendant(s).

**AFFIDAVIT OF ATTEMPTED SERVICE**

---------------------------------------------------------X

STATE OF NEW YORK )
s.s :
COUNTY OF NEW YORK )

STEVEN MITCHELL, being duly sworn, deposes and says that he is an agent of CAPITOL PROCESS SERVICES, INC., is over the age of eighteen years and is not a party to the action.

That on the 10th day of April, 2007, at approximately 12:10 p.m., deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL CASE; INITIAL ELECTRONIC CASE FILING ORDER; CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES; NOTICE OF RIGHT TO CONSENT TO TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE and COMPLAINT together with EXHIBITS** upon Richard Kramer at 515 Park Avenue, New York, New York 10022. I asked the Concierge to call the defendant via the lobby phone. The Concierge asked me what the nature of my visit was. I told him that I had legal papers for service upon the defendant. The Concierge informed me that he could not call the defendant nor could he divulge any further information regarding the defendant.

Sworn to before me this
17th day of April, 2007

STEVEN MITCHELL #1164011

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

MICHAEL J. KEATING
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-KE-4851559**
**Qualified in New York County**
**Commission expires February 3, 2010**