IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLIC PROPERTY TRUST, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:07-cv-00595-RCL |
| ) | Judge Lamberth |
| v. ) | |
| ) | |
| REPUBLIC PROPERTIES CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Republic Property Trust ("RPT") and Republic Property Limited Partnership's ("RPLP") Motion for Reconsideration of the Court's March 31, 2008 Memorandum Opinion ("Mem. Op." or "Opinion") and accompanying Order dismissing this case is directed principally at establishing the abstract – and unremarkable – proposition that limited partnership units in UPREITs can be (and sometimes are) treated as securities. That proves nothing, however, about whether the facts pled *in this case* meet the test established by the Supreme Court in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946) ("*Howey*"). On that key question, plaintiffs offer no new legal authority or argument that could alter the Court's correct conclusion that the facts plaintiffs pled establish as a matter of law that the units in RPLP at issue here were *not* securities. Plaintiffs' efforts to avoid those facts should be summarily rejected. Plaintiffs also offer nothing new to call into question the Court's ruling that RPT lacks standing to sue. The motion for reconsideration, accordingly, should be denied.

I.        THE LEGAL STANDARD REQUIRED FOR RECONSIDERATION, WHICH PLAINTIFFS HAVE NOT ACKNOWLEDGED, MUCH LESS MET, IS AN EXACTING ONE

"Motions for reconsideration are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Dalal v. Goldman Sachs & Co.*, 2008 WL 819421, at *2 (D.D.C. Mar. 27, 2008) (quotation marks omitted). Rather, to be successful, they must demonstrate "clear error or manifest injustice." *See Conseil Alain Abourdaram, S.A. v. De Groote*, 460 F.3d 46, 51 n.6 (D.C. Cir. 2006). Plaintiffs do not even acknowledge, much less attempt to meet, the exacting standard required for reconsideration of the Court's rulings that, under the test established by the Supreme Court in *Howey*, the RPLP units at issue here were not securities, and RPT lacks standing to sue.

II.       PLAINTIFFS RAISE NO BASIS FOR RECONSIDERATION OF THE COURT'S RULING THAT THE RPLP UNITS WERE NOT SECURITIES

Plaintiffs acknowledge the key fact that "Grigg and Kramer stood on both sides of the transaction," even as they attempt to bury it in a footnote. *See* Plaintiffs' Memorandum in Support of Motion for Reconsideration ("Pl. Mem.") at 6 n.5. As the Court's Opinion recognized, however, where the same party is on both sides of a transaction, there is no security "no matter how many nominally distinct legal entities lie in between." Mem. Op. at 22; *see, e.g., Wadsworth v. McDaniel*, 1986 WL 14839 (S.D. Tex. Dec. 22, 1986) (investment not a security because, *inter alia*, purchaser had an interest in the project through another company he owned). None of the authorities plaintiffs cite challenges this well established legal principle. Most are commentaries or treatises about REITs written by law students or practitioners, none of which discusses the *Howey* test or how that test might apply in any particular situation, much less the precise situation presented here. At most, these publications suggest that limited partnership

units in UPREITs *can* be considered securities in some situations, not that they *must* be in all circumstances.[1]

Ignoring the stricture against rearguing facts and theories upon which this Court has already ruled, plaintiffs advance the formalistic argument, repeated virtually word-for-word from their opposition to Grigg's motion to dismiss, that "RPC – the recipient of the Units at issue – had no legal right or power, *in any capacity*, to assert influence or control over RPLP, and neither Kramer nor Grigg had any such ability, either as *limited partners of RPLP or owners of RPC*" (Mot. at 7).[2]  The Court, however, considered and properly rejected this argument after identifying its fatal flaw:  the argument "overlooks Grigg's core argument," that "*as trustees of [RPT]*, he and Kramer held management authority within RPLP's general partner."  Mem. Op. at 22 (emphasis added).  Moreover, plaintiffs' position that Grigg and Kramer's continuing roles with RPT are immaterial, because it was RPC (rather than Grigg and Kramer personally) that received the RPLP units, not only elevates form over substance, but flies in the face of the contrary position plaintiffs took in opposing the motions to dismiss, where, for example, they stated point blank:  "Kramer is RPC."  Plaintiffs' Memorandum in Opposition to Motion of Defendants Richard L. Kramer and Republic Properties Corporation to Dismiss the Amended Complaint at 22; *see also* Amended Complaint, ¶ 4 (Grigg "has the ability to and generally does control, along with Kramer, the affairs of RPC"); ¶ 5 (Kramer "has the ability to and generally does control, along with Grigg, the affairs of RPC").

---

[1]     The two publications plaintiffs cite in footnote 5 (one a student note and the other a book by a practitioner) suggest only that it is common for limited partners in an UPREIT to have managerial roles in the company that acts as general partner of the UPREIT.  They do not discuss whether, in such situations, the *Howey* test is satisfied, and so add nothing to the issue decided by the Court.

[2]     *See* Plaintiffs' Memorandum in Opposition to Steven A. Grigg's Motion to Dismiss Plaintiffs' Amended Complaint at 19 ("RPC has no ability – *in any capacity* – to assert influence or control over RPLP, and neither Kramer nor Grigg has any such ability either as *limited partners of RPLP or owners of RPC*") (emphasis in original).

Faced with the unalterable fact that Kramer and Grigg were on both sides of the transaction, plaintiffs are forced to resort to the equally formalistic argument that, because Kramer and Grigg's power over RPLP derived from their roles as members of RPT's management rather than from their status as limited partners in RPLP, those roles should be ignored in applying the *Howey* test. Pl. Mem. at 7. This argument, however, is not only illogical and unsupported by legal authority, but it is inconsistent with plaintiffs' argument that "RPT and RPLP were, for all intents and purposes, one functioning REIT, engaged in one business," as well as their acknowledgment that "Grigg and Kramer stood on both sides of the transaction" (Pl. Mem. at 2, 6 n.5).[3]

Plaintiffs' reliance upon *Hirsch v. DuPont*, 396 F. Supp. 1214 (S.D.N.Y. 1975), *aff'd*, 553 F.2d 750 (2d Cir. 1977), is misplaced, for it only highlights the fallacy in their position. In *Hirsch*, the plaintiffs received general partnership and limited partnership interests in exchange for contributing assets to a firm, and the court held that while the general partnership interests were not securities, the limited partnership interests were. 396 F. Supp. at 1228. As the court's opinion makes clear, the key factor in its decision was that the plaintiffs obtained their limited partnership interests as "'outsiders' who had capital desired by the firm." *Id*. The exact opposite is the case here: Grigg and Kramer were not "outsiders" who happened to have assets desired by RPLP – they were insiders who had controlled RPT/RPLP's predecessor, were instrumental in the formation of RPT/RPLP, and continued to have important roles in RPT/RPLP after the

---

[3] That RPT and RPLP functioned as "one," as plaintiffs assert, confirms the correctness of the Court's conclusion that Grigg and Kramer, as trustees of RPT, were part of the "chain of control" over RPLP and, thus, were on both sides of the transaction. *See* Mem. Op. at 22-24. As the very publications that plaintiffs cite in the earlier portion of their Memorandum make clear, insiders such as Kramer and Grigg have significant influence over UPREITs notwithstanding their status as limited partners of the operating partnership. *See, e.g.*, Cornell, *REITs and UPREITs: Pushing the Corporate Law Envelope*, 145 U. Pa. L. Rev. 1565, 1602 & n. 181 (1997) ( "UPREITs are generally controlled by 'insiders' — limited partners in the UP who contributed their property to the partnership"; "the limited partners wield considerable power over the strategic direction and decisions made by the REIT").

transaction. Moreover, as plaintiffs recognize, "RPT caused RPLP to enter into the Development Contribution Agreement at issue and to issue Units to RPC." Pl. Mem. at 9. On September 23, 2005, when RPC and RPLP entered into the Development Services Rights Contribution Agreement (City Center) (Ex. A to the Amended Complaint), RPC was controlled by Kramer and Grigg, and they were part of the "chain of control" over RPT and, through it, RPLP. Mem. Op. at 22-24.[4]

       Plaintiffs' effort to distinguish *Frazier v. Manson*, 651 F.2d 1078 (5th Cir. 1981) (Pl. Mem. at 7 n.7), cited by the Court in its Opinion, does not withstand scrutiny. In *Frazier*, the Fifth Circuit rejected the very artificial distinction between investors' roles as general partner and limited partner for purposes of applying the *Howey* test that plaintiffs ask this Court to embrace. Whether or not RPT's acquisition of its general partnership interest in RPLP preceded RPC's acquisition of its limited partnership interest, *see* Pl. Mem. at 7 n.7, is immaterial. These transactions occurred effectively simultaneously, and were designed to accomplish the plan by which Kramer and Grigg, who controlled RPT/RPLP's predecessor entity and were among the chief architects of the entire structure, would receive RPLP units in exchange for the assets they contributed. Kramer and Grigg were not "outsiders" who became "insiders" only as a result of the transaction in which they obtained the limited partnership units. They were pre-existing

---

[4]    Kramer owned 85% of RPC, and Grigg owned the remaining 15%. Kramer was the Chairman of RPC's Board of Directors, and Grigg was the second of RPC's three directors. Amended Complaint ("Am. Compl."), ¶¶ 4, 5. They controlled RPC. *Id.*

     Kramer and Grigg (along with one other person) also founded RPT, and they were responsible for the contribution agreements which were the basis for RPT becoming operational. Am. Compl., ¶¶ 11, 14. They even contributed the name "Republic Propert[ies]." From the time of RPT's formation in July 2005 until Liberty Property Trust acquired RPT, Kramer was the Chairman of RPT's Board of Trustees. *See id.*, ¶¶ 5, 11. From the time of RPT's formation in July 2005 until February 28, 2007, Grigg was the Vice Chairman of RPT's Board of Trustees, and he remained a Trustee until Liberty Property Trust acquired RPT. *See id.*, ¶¶ 4, 11. Grigg also was a member of RPT's Executive Committee, and the Registration Statement, filed with the SEC on December 14, 2005, identified his continued services as President and Chief Development Officer of RPT as key to the future success of the REIT (at 35).

5

insiders who indisputably were on both sides of the exchange of RPLP units for the City Center contract.[5]

Although plaintiffs argue that the Court's Memorandum Opinion "overlooks . . . economic realities" (Pl. Mem. at 1), in fact it is they who seek to ignore those realities. For it is beyond serious dispute that, under the facts alleged in the Amended Complaint, Kramer and Grigg were on both sides of the transaction at issue. Accordingly, the performance of the RPLP units did not depend solely on the efforts of persons other than Kramer and Grigg, as would be required for the units to qualify as securities under the *Howey* test. There thus is no basis for the Court to reconsider its ruling that the RPLP units were not securities.

III.    THERE IS NO BASIS TO RECONSIDER THE COURT'S RULING THAT RPT WAS NOT A SELLER

Plaintiffs merely repeat their already-rejected argument that RPT was a seller of the RPLP units for purposes of a claim under Section 10(b). They even cite the same authority cited in their opposition to the motion to dismiss. The Court considered this argument fully and decided it. Thus, there is no basis for reconsideration. *See, e.g.*, *Dalal*, 2008 WL 819421, at *2.

Plaintiffs also fail to raise any argument to challenge the Court's observations that economic loss and loss causation are problematic in this case (Mem. Op. at 25 n.6). They offer no answer, for example, to the fact that neither RPT nor RPLP suffered harm from the cancellation of the City Center Services Agreement, because the agreement had been assigned to a subsidiary that is not a party here. These failures further demonstrate that there is no reason for the Court to reconsider its decision.

---

[5] RPT's own filings with the SEC foreclose any insistence by plaintiffs that Kramer and Grigg did not stand on both sides of the transaction. For example, the Registration Statement filed in connection with RPT's IPO discussed the exchange of RPLP units for the contribution of the City Center contract as a related-party transaction, and stated that "the amount of consideration paid by us in exchange for our initial properties . . . is not a result of arm's-length negotiations" (p.82).

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration should be summarily denied.

Dated: April 28, 2008                              Respectfully submitted,

                        By:   /s/ Richard Conway
                              Seymour Glanzer (D.C. Bar No. 040188)
                                glanzers@dicksteinshapiro.com
                              Richard Conway (D.C. Bar No. 164541)
                                conwayr@dicksteinshapiro.com
                              DICKSTEIN SHAPIRO LLP
                              1825 Eye St., N.W.
                              Washington, D.C. 20006
                              Telephone:   (202) 420-2200
                              Facsimile:     (202) 420-2201

                              *Attorneys for Defendant Steven A. Grigg*

                        By:   s/s Paul Martin Wolff
                              Paul Martin Wolff (Bar No. 90217)
                              George A. Borden (Bar No. 419772)
                              Kenneth C. Smurzynski (Bar No. 442131)
                              William T. Burke (Bar No. 471948)
                              Williams & Connolly LLP
                              725 12th Street, N.W.
                              Washington, D.C. 20005
                              Telephone: (202) 434-5000
                              Facsimile:   (202) 434-5029

                              Counsel for Republic Properties
                              Corporation and Richard L. Kramer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLIC PROPERTY TRUST, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>REPUBLIC PROPERTIES CORPORATION, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:07-cv-00595-RCL<br>Judge Lamberth |

## ORDER

Upon consideration of Plaintiffs' Motion for Reconsideration, Defendants' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

                                                                                                                               _____
                                                                                                                               The Honorable Royce C. Lamberth
                                                                                                                               United States District Judge

Copies to:

    Mark E. Nagle
    Tameka M. Collier
    TROUTMAN SANDERS LLP
    401 9th Street. N.W.
    Suite 1000
    Washington, D.C.  20004
    (202) 274-2972

    Paul Martin Wolff
    George A. Borden
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C.  20005
    (202) 434-5000

    Seymour Glanzer
    Richard Conway
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street. N.W.
    Washington, D.C.  20006
    (202) 420-2200

Electronically filed and served via the Court's ECF system on April 28, 2008, upon:

Mark E. Nagle
Tameka M. Collier
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C.  20004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLIC PROPERTY TRUST, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> REPUBLIC PROPERTIES CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:07-cv-00595-RCL <br> Judge Lamberth |

ORDER

Upon consideration of Plaintiffs' Motion for Reconsideration, Defendants' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

_____
The Honorable Royce C. Lamberth
United States District Judge