IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY PROPERTY TRUST, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>REPUBLIC PROPERTIES CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 1:07-cv-00595-RCL<br>Chief Judge Lamberth |

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR RECONSIDERATION**

Plaintiffs Liberty Property Trust and Liberty Property Limited Partnership, successors in interest to Republic Property Trust and Republic Property Limited Partnership (collectively, "Plaintiffs"), file this Reply in Support of their Motion for Reconsideration.  Due to the unique circumstances surrounding the formation and operation of an Umbrella Partnership Real Estate Investment Trust ("UPREIT"), limited partnership units in UPREIT operating partnerships are securities.  Simply put, the limited partnership units are the one-for-one economic equivalents of the publicly traded REIT's shares, and have no economic identity independent of those shares. Defendants' Opposition to Plaintiffs' Motion for Reconsideration wholly disregards the fundamental relationships underlying the formation and the operation of RPT and fails to respond to Plaintiffs' primary ground for reconsideration.

**ARGUMENT**

RPT and RPLP were two parts of a single UPREIT – RPT was the publicly traded REIT, and RPLP was created as a tax preferred investment vehicle for entities that invested in the REIT by contributing properties and contracts instead of by paying cash for REIT shares.  Because of

the structure of the REIT, RPT publicly traded shares and RPLP limited partnership units were economic equivalents, and both were securities. Moreover, RPT, which conducted its business through RPLP as its general partner was, for all intents and purposes, the seller of the RPLP Units.

I.     THE RPLP LIMITED PARTNERSHIP UNITS WERE SECURITIES

Defendants' opposition fails to acknowledge, let alone respond to, Plaintiffs' primary argument in support of reconsideration – that the RPLP partnership units (the "Units") and the RPT publicly traded shares were economic equivalents, and that, therefore, it is improper to deem the RPT shares securities (which they clearly were), but to deem the RPLP Units as anything other than securities. Plaintiffs' core argument was summarized as follows in our initial memorandum in support of reconsideration:

> Though issued by different entities in order to achieve tax deferral for asset contributing investors, the units in the umbrella partnership and the REIT's public common shares are economic equivalents. For example, the total number of outstanding common shares of the REIT equals the total number of partnership units owned by the REIT. In addition, the cash distributions made on each partnership unit mirror the cash distributions made on each publicly held common share of the REIT. Finally, the limited partners of the umbrella partnership generally have a right, after one year, to have their partnership units redeemed by the umbrella partnership. Significantly, this redemption right, essentially, amounts to a one-for-one conversion right for partnership unit holders because the REIT has the option to issue one publicly traded share, instead of cash, for each redeemed unit. . . . Accordingly, from an economic perspective, an investment in the limited partnership via asset contribution is substantially the same as a cash investment in shares of the publicly traded REIT.

Doc. No. 33 at 3-4 (citations omitted). Defendants' opposition ignores this argument. Instead, Defendants dedicate the entirety of their opposition to re-arguing the applicability to this case of existing precedent regarding whether limited partnership units are securities. None of the cases relied upon by the Court in dismissing Plaintiffs' claims, or by the Defendants in their opposition to Plaintiffs' Motion, however, involve the unique circumstances surrounding the formation and

operation of an UPREIT;[1] nor are Plaintiffs aware of any prior cases addressing the issue of whether UPREIT limited partnership units are securities.  Therefore, although existing case law regarding other types of limited partnership interests can provide guidance in this case, "in determining the existence of a 'security' the court should apply a flexible rather than a static principle . . ." *Ballard & Cordell Corp. v. Zoller & Danneberg Exploration, Ltd.*, 544 F.2d 1059, 1063 (10th Cir. 1976).

Here, RPT shares were undoubtedly securities, and RPLP Units, the economic equivalents of those shares, also were securities.  This result is dictated by the economic realities of RPT's (and any UPREIT's) formation and operation, not by the labels attached to the different investment vehicles – *i.e.,* RPT shares vs. RPLP Units.

Recognizing the economic realities and the one-for-one equivalence of UPREIT publicly traded shares and limited partnership units, the Securities and Exchange Commission, scholars, and practitioners treat UPREIT limited partnership units as securities.  Similarly, prior to Defendants' motion to dismiss, all parties to this lawsuit treated RPLP Units as securities.  The Court too should deem the RPLP Units securities, and permit Plaintiffs to proceed with this action.

## II.     RPT AND RPLP BOTH HAD STANDING TO PURSUE FEDERAL SECURITIES FRAUD CLAIMS AGAINST DEFENDANTS

Defendants' glib response to Plaintiffs' request that the Court reconsider RPT's standing further demonstrates Defendants' disregard for economic realities of RPT's formation and

---

[1] The cases cited by the Court in its decision, and the different possible interpretations thereof, were not the basis of Plaintiffs' Motion for Reconsideration.  Rather, Plaintiffs included a discussion of these cases, which also were relied upon by Defendants, to show that, even under existing precedent, the RPLP Units could properly be considered securities.

operation. Although the question whether the publicly traded general partner in an UPREIT is the seller of the operating partnership's limited partnership units presents a novel issue for this Court to decide, the authority cited by Plaintiffs demonstrates that, in appropriate circumstances, a general partner properly can be considered the seller of limited partnership units.

Here, both RPT and RPLP were the sellers of the RPLP Units. The REIT was formed and operated as an integrated business, and RPT and RPLP were two necessary parts of that business. Indeed, RPT shares and RPLP units were one-for-one economic equivalents. Moreover, RPT, as RPLP's general partner, exercised total control over RPLP's business. For example, RPT caused RPLP to enter into the Development Contribution Agreement and to issue RPLP Units to RPC. And, RPT, not RPLP, executed the limited partner acceptance associated with the issuance of RPLP Units to RPC. *(See* December 20, 2005 Limited Partner Acceptance, attached to the Development Services Rights Contribution Agreement (City Center), a true and correct copy of which is attached as Exhibit A to Plaintiffs' Amended Complaint.). Therefore, RPT and RPLP both have standing to pursue securities fraud claims against Defendants.[2]

## CONCLUSION

For the above reasons, and for the reasons set forth Plaintiffs' Memorandum in Support of Motion for Reconsideration, Plaintiffs request that the Court reconsider its Memorandum

---

[2] Although Plaintiffs' pleading of loss causation was not a basis for the Court's dismissal, and, therefore, would not have been the proper subject of Plaintiffs' Motion for Reconsideration, Defendants attempt in their response to inject loss causation as an issue. [Doc. No. 34 at 6.] For the same reasons described throughout Plaintiffs' Motion and this reply, Defendants' arguments regarding loss causation also miss their mark. The REIT, as a whole, suffered injury as a result of the cancellation of the Professional Services Agreement. RPT caused RPLP to issue the RPLP Units, and RPLP issued the Units in exchange for the Agreement, which was performed by a subsidiary of the REIT. The REIT was injured by the cancellation of the Professional Services Agreement. The internal structure of the REIT should not prevent RPT and RPLP from seeking redress for Defendants' securities fraud.

4

Opinion and Order entered on March 31, 2008, and that the Court allow Plaintiffs to proceed with their claims.

Dated:   May 8, 2008

                        Respectfully submitted,

                        /s/ Mark E. Nagle
                        Mark E. Nagle, DC Bar No. 416364
                        Tameka M. Collier, DC Bar No. 488979
                        TROUTMAN SANDERS LLP
                        401 9th Street, N.W., Suite 1000
                        Washington, D.C. 20004
                        (202) 274-2972
                        mark.nagle@troutmansanders.com

                        *Counsel for Republic Property Trust*

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing was served electronically via the ECF System of this Court this 8th day of May, 2008 to:

William T. Burke
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005

*Counsel for Republic Properties Corporation
and Richard L. Kramer*

Seymour Glanzer
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006

*Counsel for Steven A. Grigg*

/s/ Mark E. Nagle_____